**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Bold Alliance, *et al.*, | ) | |
|     Plaintiffs, | ) | Case No. 17-cv-01822-RJL |
| | ) | |
|   v. | ) | Judge Richard J. Leon |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
|   *et al.*, | ) | |
|     Defendants. | ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION**

Defendants Federal Energy Regulatory Commission, Commissioner Neil Chatterjee,

Commissioner Cheryl A. LaFleur, and Commissioner Robert F. Powelson, in their official

capacities, respectfully move this Court to dismiss the First Amended Complaint in the above-

captioned proceeding for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure.  A statement in support is attached.

Respectfully submitted,

James P. Danly
General Counsel

Robert H. Solomon
Solicitor

*/s/ Anand R. Viswanathan*
Anand R. Viswanathan (D.C. Bar No.
  501986)
Nicholas M. Gladd
Susanna Y. Chu
Attorneys

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Fax:  (202) 273-0901

Anand R. Viswanathan
Tel.    (202) 502-6537
Email Anand.Viswanathan@ferc.gov

Susanna Y. Chu
Tel.    (202) 502-8464
Email Susanna.Chu@ferc.gov

Nicholas M. Gladd
Tel.    (202) 502-8836
Email Nicholas.Gladd@ferc.gov

December 21, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Bold Alliance, *et al.*, | ) | |
|     Plaintiffs, | ) | Case No. 17-cv-01822-RJL |
| | ) | |
|   v. | ) | Judge Richard J. Leon |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
|     *et al.*, | ) | |
|         Defendants. | ) | |

**STATEMENT IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION**

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION…... ..........................................................................................................1

BACKGROUND…… ..........................................................................................................2

Statutory and Regulatory Background......................................................................................2

II.     Procedural Background.......................................................................................................3

       A.     Atlantic Coast Pipeline Certificate Proceeding..................................................3

       B.     Mountain Valley Pipeline Certificate Proceeding .............................................6

ARGUMENT…………...........................................................................................................8

I.     The Natural Gas Act Vests Exclusive Jurisdiction in the Courts of Appeals…..............8

II.     Plaintiffs Have Failed to Exhaust Their Administrative Remedies ...........................16

III.     The First Amended Complaint Is Not Ripe for Judicial Review................................18

CONCLUSION………...........................................................................................................21

# TABLE OF AUTHORITIES

**COURT CASES:**                                                                     **PAGE**

*Abbott Labs. v. Gardner,*
    387 U.S. 136 (1967)................................................................................19

*Adorers of the Blood of Christ v. FERC,*
    No. 17-3163, slip op. (E.D. Pa. Sept. 28, 2017) ...........................................8, 9, 11, 12

*Am. Energy Corp. v. Rockies Express Pipeline LLC,*
    622 F.3d 602 (6th Cir. 2010) ................................................................. 9-12

*Ark. La. Gas Co. v. Hall,*
    453 U.S. 571 (1981)................................................................................10

*Atl. States Legal Found. v. EPA,*
    325 F.3d 281 (D.C. Cir. 2003) ....................................................................19

*Beach TV Properties, Inc. v. Solomon,*
    No. 15-1823, 2017 WL 2389489 (D.D.C. June 1, 2017)...........................................19

*Berkley v. Mountain Valley Pipeline, LLC & FERC,*
    No. 7:17-cv-00357, slip op. (W.D. Va. Dec. 11, 2017)..................................7-9, 11-13

*Bush v. Lucas,*
    462 U.S. 367 (1983)................................................................................14

*City of Glendale v. FERC,*
    No. 03-1261, 2004 WL 180270 (D.C. Cir. Jan. 22, 2004) .........................................17

*City of Tacoma v. Taxpayers of Tacoma,*
    357 U.S. 320 (1958)...........................................................................10, 11

*Clifton Power Corp. v. FERC,*
    294 F.3d 108 (D.C. Cir. 2002) ....................................................................17

*Columbia Gas Transmission, LLC v. 76 Acres More or Less,*
    No. ELH-14-110, 2014 WL 2919349 (D. Md. June 25, 2014)....................................15

*Commonwealth of the N. Mariana Islands v. United States,*
    670 F. Supp. 2d 65 (D.D.C. 2009) ...............................................................18

*Consol. Gas Supply Corp. v. FERC,*
    611 F.2d 951 (4th Cir. 1979) .................................................................10, 12

# TABLE OF AUTHORITIES

**COURT CASES:**                                                                   **PAGE**

*Del. Riverkeeper Network v. FERC*,
    243 F. Supp. 3d 141 (D.D.C. 2017)........................................................................3, 8

*Elgin v. Dep't of Treasury*,
    567 U.S. 1 (2012)...........................................................................................12, 14

*Friends of Animals v. Haugrud*,
    236 F. Supp. 3d 131 (D.D.C. 2017)..........................................................................20

*Grand Lodge of Fraternal Order of Police v. Ashcroft*,
    185 F. Supp. 2d 9 (D.D.C. 2001)................................................................................8

*Hunter v. FERC*,
    569 F. Supp. 2d 12 (D.D.C. 2008).............................................................................13

*Kokajko v. FERC*,
    837 F.2d 524 (1st Cir. 1988).....................................................................................17

*Lovelace v. U.S.*,
    No. 15-cv-30131, slip op. (D. Mass. Feb. 18, 2016) ..................................9, 11, 13, 18

*Me. Council of Atl. Salmon Fed'n v. Nat'l Marine Fisheries Serv.*,
    858 F.3d 690 (1st Cir. 2017)................................................................................10, 11

*Public Citizen, Inc. v. FERC*,
    839 F.3d 1165 (D.C. Cir. 2016) ....................................................................... 3, 20-21

*Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*,
    270 F. Supp. 2d 1 (D.D.C. 2003)...............................................................................13

*Schneidewind v. ANR Pipeline Co.*,
    485 U.S. 293 (1988)...................................................................................................3

*Sierra Club v. FERC*,
    827 F.3d 59 (D.C. Cir. 2016).............................................................................17, 20

*Sierra Club v. FERC*,
    867 F.3d 1357 (D.C. Cir. 2017)................................................................................18

*Telecomms. Res. & Action Ctr. v. FCC*,
    750 F.2d 70 (D.C. Cir. 1984)....................................................................................11

## **TABLE OF AUTHORITIES**

**COURT CASES:**                                                                                    **PAGE**

*Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less*,
    749 F. Supp. 427 (D.R.I. 1990)......................................................................16

*Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*,
    2 F. Supp. 2d 106 (D. Mass. 1998) .............................................................16

*Texas v. U.S.*,
    523 U.S. 296 (1998)...................................................................................19

*Thunder Basin Coal Co. v. Reich*,
    510 U.S. 200 (1994)...................................................................................12

*Town of Dedham v. FERC*,
    No. 15-12352, 2015 WL 4274884 (D. Mass. July 15, 2015) ............................ 9, 14-16

*Transcontinental Gas Pipe Line Co. v. Permanent Easements for 5.67 Acres*,
    No. 4:17-cv-00544, 2017 WL 3412374 (M.D. Pa. Aug. 9, 2017)..............................18

*Transcontinental Gas Pipe Line Co. v. Permanent Easements for 2.14 Acres*,
    Nos. 17-715, *et al.*, 2017 WL 3624250 (E.D. Pa. Aug. 23, 2017)..............................18

*Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa Cty.*,
    550 F.3d 770 (9th Cir. 2008) .......................................................................15

*Urban, et al. v. FERC, et al.*,
    No. 5:17-cv-01005-JRA, slip op. (N.D. Ohio Dec. 19, 2017) ........................... 8, 9, 11

*Williams Nat. Gas Co. v. City of Okla. City*,
    890 F.2d 255 (10th Cir. 1989) .......................................................10, 11, 15

*Woodford v. Ngo*,
    548 U.S. 81 (2006)....................................................................................16

**ADMINISTRATIVE CASES:**

*Atl. Coast Pipeline, LLC*,
    161 FERC ¶ 61,042 (2017) ........................................................................1, 5

*Mountain Valley Pipeline, LLC*,
    161 FERC ¶ 61,043 (2017) ........................................................................1, 7

## <u>TABLE OF AUTHORITIES</u>

**<u>STATUTES:</u>**                                                                                      **<u>PAGE</u>**

Federal Power Act

    Section 313*l*(b), 16 U.S.C. § 825*l*(b) ...........................................................................10

National Environmental Policy Act

    42 U.S.C. § 4321..................................................................................................................4

Department of Energy Organization Act

    42 U.S.C. § 7171(a)-(b) ....................................................................................................2

    42 U.S.C. § 7171(b)(1) .....................................................................................................2

    42 U.S.C. § 7171(e) .......................................................................................................2, 3

Natural Gas Act

    Section 7, 15 U.S.C. § 717f ...........................................................................................1, 3

    Section 7(c), 15 U.S.C. § 717f(c)..................................................................................3, 6

    Section 7(e), 15 U.S.C. § 717f(e)......................................................................................3

    Section 7(h), 15 U.S.C. § 717f(h) ...................................................................................15

    Section 19, 15 U.S.C. § 717r ..........................................................................8, 10, 17, 20

    Section 19(a), 15 U.S.C. § 717r(a)...................................................................1, 9, 15, 20

    Section 19(b), 15 U.S.C. § 717r(b) .................................................................1, 9, 10, 17

    Section 19(c), 15 U.S.C. § 717r(c).............................................................................16, 20

    Section 22, 15 U.S.C. § 717u...........................................................................................15

**<u>REGULATIONS:</u>**

    18 C.F.R. § 375.101(e).......................................................................................................3

## INTRODUCTION

The First Amended Complaint filed by Plaintiffs Bold Alliance, *et al*. (collectively, "Plaintiffs") asks this Court to preemptively resolve issues pending in ongoing proceedings before the Federal Energy Regulatory Commission ("FERC" or the "Commission"). In the pending administrative proceedings, Defendants Mountain Valley Pipeline, LLC ("Mountain Valley") and Atlantic Coast Pipeline, LLC ("Atlantic Coast") seek certificates of "public convenience and necessity" under the Natural Gas Act, 15 U.S.C. § 717f (the "Act"), to construct and operate interstate natural gas pipelines.

On October 13, 2017, the Commission issued orders granting the requested certificates to Mountain Valley and Atlantic Coast, conditioned on their compliance with numerous environmental and operating conditions. *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043; *Atlantic Coast Pipeline, LLC*, 161 FERC ¶ 61,042. But the agency process is not yet complete—the Natural Gas Act permits "[a]ny person . . . aggrieved" by a FERC order to seek rehearing before the Commission within thirty days after the order's issuance. 15 U.S.C. § 717r(a). Indeed, several parties to the agency proceeding, including many of the Plaintiffs in this case, have sought rehearing before the agency. Those rehearing requests are currently pending before the agency. The judicial review process cannot yet commence—as the Natural Gas Act first requires FERC issuance of a rehearing order; only then can "any party . . . aggrieved" by that order seek judicial review in the appropriate court of appeals. 15 U.S.C. § 717r(b).

The Act entrusts the Commission with exclusive authority to determine whether a natural gas pipeline should be certificated; the Commission has not yet made a final determination subject to judicial review. The Act also vests exclusive jurisdiction in the United States Courts of Appeals to review final Commission orders and all matters inhering in a pipeline certificate

proceeding at the end of such a proceeding.  Every court that has addressed the issue has interpreted the Act's exclusive jurisdiction provision to bar district courts from granting injunctive or declaratory relief relating to ongoing FERC certificate proceedings.  As the courts recognize, to the extent a party finds it necessary to seek immediate, extraordinary relief prior to the conclusion of FERC proceedings, such relief must be sought from the Commission itself or the appropriate court of appeals.

Accordingly, the First Amended Complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiffs seek relief in the wrong court at the wrong time.  Specifically, as explained below:  (1) this Court lacks subject matter jurisdiction because the Natural Gas Act vests exclusive jurisdiction in the courts of appeals regarding all matters inhering in FERC pipeline certificate proceedings; (2) Plaintiffs have not exhausted their administrative remedies; and (3) the matter remains pending before the agency on rehearing, and is not ripe for judicial review.

## BACKGROUND

### I.    Statutory and Regulatory Background

FERC is an independent regulatory commission comprising up to five members appointed by the President, with the advice and consent of the U.S. Senate.  *See* Department of Energy Organization Act, 42 U.S.C. § 7171(a)-(b) (establishing the Commission and transferring authority to it).  Commissioners serve for up to five-year terms, and no more than three members of the Commission may be members of the same political party.  *Id.* § 7171(b)(1).  Each member of the Commission, including the Chairman, has one vote, and actions of the Commission are determined by majority vote.  *Id.* § 7171(e).  Pursuant to statute, "a quorum for the transaction of

business shall consist of at least three members present." *Id.* § 7171(e); *accord* 18 C.F.R.

§ 375.101(e); *Public Citizen, Inc. v. FERC*, 839 F.3d 1165, 1169 (D.C. Cir. 2016).

Under various statutes, the Commission regulates the interstate transmission and

wholesale sale of electricity and natural gas, and licenses the construction and operation of

hydropower projects and natural gas pipelines and infrastructure.  As relevant here, the Natural

Gas Act confers on the Commission "exclusive jurisdiction" over the "transportation and sale of

natural gas in interstate commerce."  *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300-301

(1988) (Act is a "comprehensive scheme of federal regulation"); *see also Del. Riverkeeper*

*Network v. FERC*, 243 F. Supp. 3d 141, 144 (D.D.C. 2017), *on appeal*, D.C. Cir. No. 17-5084

(appeal filed Apr. 24, 2017).  Section 7 of the Act governs the process for natural gas companies

to obtain a certificate authorizing the construction, extension, or abandonment of natural gas

pipeline facilities.  15 U.S.C. § 717f.  *See also Del. Riverkeeper*, 243 F. Supp. 3d at 144-45

(describing FERC certification process); *Myersville Citizens for a Rural Cmty., Inc. v. FERC*,

783 F.3d 1301, 1307-08 (2015).  The Commission may issue a certificate only if it finds the

proposed facility "is or will be required by the present or future public convenience and

necessity," and may attach to the certificate "such reasonable terms and conditions as the public

convenience and necessity may require."  15 U.S.C. § 717f(e).

## II.    Procedural Background

### A.    Atlantic Coast Pipeline Certificate Proceeding

In September 2015, Atlantic Coast submitted an application under the Natural Gas Act,

15 U.S.C. § 717f(c), to construct and operate an interstate natural gas pipeline extending through

parts of West Virginia, Virginia, and North Carolina.  Application, FERC Docket No. CP15-554

3

(describing proposed pipeline project).[1]  Numerous interested parties, including a number of the

Plaintiffs here, intervened in the Commission proceeding and/or submitted comments on the

application to the Commission.

Upon the filing of Atlantic Coast's application, the FERC Office of Energy Projects

("Commission staff") initiated an environmental review process in accordance with the National

Environmental Policy Act, 42 U.S.C. § 4321, *et seq.* ("NEPA"), to study the potential impact of

the proposed pipeline.  The environmental review process included, among other things, notice

of the agency's intention to prepare an environmental impact statement in the Federal Register,

transmittal of that notice to over 6,000 parties (including federal, state, and local agencies,

elected officials, environmental and public interest groups, Native American tribes, potentially

affected landowners, local libraries and newspapers, and other stakeholders), and numerous

public scoping meetings.  Final Environmental Impact Statement at ES-2-3, Docket No. CP15-

554 (July 21, 2017).

The U.S. Department of Agriculture's Forest Service, U.S. Army Corps of Engineers,

U.S. Environmental Protection Agency, U.S. Department of Interior's Fish & Wildlife Service,

West Virginia Department of Environmental Protection, and West Virginia Division of Natural

Resources participated as cooperating agencies in the environmental review process.  The

process culminated in Commission staff's filing of the Final Environmental Impact Statement,

which assessed project impacts and potential mitigation measures, in particular:  terrain and steep

slopes; public land and recreational impacts; sensitive species; water resources; vegetation,

wildlife, and aquatic resources; socioeconomic concerns; pipeline integrity and public safety; and

---

[1] Filings in FERC proceedings are available on FERC's website, at
https://www.ferc.gov/docs-filing/elibrary.asp.

cumulative impacts.  *See id.* at ES-3-15.  Moreover, Commission staff evaluated a "no-action alternative, system alternatives, route alternatives and variations, and aboveground facility site alternatives" to the proposed pipeline.  *Id.* at ES-15.

Commission staff concluded that the proposed Atlantic Coast pipeline "would result in some adverse effects," but such effects would be reduced to "less-than-significant levels" with the implementation of certain mitigation measures.  *Id.* at ES-16.  Commission staff recommended that its proposed mitigation measures be attached as conditions to any authorization.  *Id.* at § 5.2, 5-39 – 5-52 (FERC Staff's Recommended Mitigation).  As the FERC docket reflects, numerous parties filed comments upon Commission staff's release of the Final Environmental Impact Statement.

On October 13, 2017, the Commission issued an order, with one Commissioner dissenting, affirming Commission staff's findings and granting the requested certificate to Atlantic Coast, subject to compliance with numerous environmental and operating conditions. *Atlantic Coast Pipeline, LLC*, 161 FERC ¶ 61,042.  Numerous parties—including some of the Plaintiffs in this case—filed requests for agency rehearing.  Some of those parties also moved to stay the Certificate Order.  On December 11, 2017, the Commission's Secretary issued a tolling order granting rehearing for the limited purpose of affording the Commission time to consider

the rehearing requests. *Atlantic Coast Pipeline, LLC*, Docket Nos. CP15-554-002, *et al.* (Dec. 11, 2017).

The Commission has not yet issued an order addressing the merits of the rehearing requests. Thus, the agency rehearing process is not yet complete.

### B.     Mountain Valley Pipeline Certificate Proceeding

In October 2015, Mountain Valley submitted an application under the Natural Gas Act, 15 U.S.C. § 717f(c), to construct and operate a natural gas pipeline system in West Virginia and Virginia, to transport gas to markets in the mid-Atlantic, southeastern, and Appalachian regions. Application, FERC Docket No. CP16-10 (describing proposed pipeline project).

As in the Atlantic Coast proceeding, Commission staff initiated an extensive environmental review process under NEPA, which involved public notice and numerous opportunities for comment. On June 23, 2017, Commission staff released the Final Environmental Impact Statement for the proposed project. The U.S. Forest Service, U.S. Army Corps of Engineers, U.S. Environmental Protection Agency, U.S. Department of Interior's Bureau of Land Management, U.S. Department of Transportation, West Virginia Department of Environmental Protection, and West Virginia Division of Natural Resources participated as cooperating agencies in the preparation of the draft Environmental Impact Statement. Final Environmental Impact Statement, Docket No. CP16-10 (June 23, 2017).

The Final Environmental Impact Statement contains Commission staff's recommendations, including specific proposed mitigation measures. *Id*. at ES-18. Commission staff recommended that its proposed mitigation measures be attached as conditions to any authorization. *Id.* at 5-17. As the FERC docket reflects, numerous entities and individuals filed additional comments after Commission staff released the Final Environmental Impact Statement.

Mountain Valley filed a motion to dismiss Plaintiffs' original complaint here for lack of subject matter jurisdiction and failure to state a claim on October 11, 2017.  On October 13, 2017, the Commission issued an order, with one Commissioner dissenting, affirming Commission staff's findings and granting the requested certificate to Mountain Valley, subject to compliance with numerous environmental and operating conditions.  *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043.  Numerous parties—including some of the Plaintiffs in this case—filed requests for agency rehearing.  Some of those parties also moved to stay the Certificate Order.  On December 13, 2017, the Commission's Secretary issued a tolling order granting rehearing for limited purpose of affording the Commission time to consider the rehearing requests.  *Mountain Valley Pipeline, LLC*, Docket Nos. CP16-10-001, *et al.* (Dec. 13, 2017).

The Commission has not yet issued an order addressing the merits of the rehearing requests.  Thus, the agency rehearing process is not yet complete

Although agency proceedings remain pending, another group of plaintiffs filed a lawsuit in the Western District of Virginia challenging the Mountain Valley certificate proceeding and, among other things, the eminent domain provisions of the Natural Gas Act.  *Berkley, et al. v. Mountain Valley Pipeline, LLC, et al.*, W.D. Va. No. 17-357 (complaint filed July 27, 2017). The Commission filed a motion to dismiss for lack of subject matter jurisdiction.  On December 11, 2017, the court granted the Commission's motion to dismiss, finding that district court jurisdiction is precluded for two independent reasons:  (1) the Natural Gas Act places exclusive jurisdiction in the U.S. Courts of Appeals; and (2) controlling precedent supports the conclusion that Congress intended to preclude district court jurisdiction over all issues (including constitutional issues) arising out of the FERC certificate proceeding.  *See Berkley, et al. v. Mountain Valley Pipeline, LLC, et al.*, No. 7:17-cv-00357 (W.D. Va. Dec. 11, 2017).

7

**ARGUMENT**

"[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In evaluating a motion to dismiss under Rule 12(b)(1), the court "is not limited to the allegations of the complaint," and "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Del. Riverkeeper*, 243 F. Supp. 3d at 146-47 (citations and internal quotation marks omitted). In particular, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Id.* at 147 (citations and internal quotation marks omitted).

## I.    The Natural Gas Act Vests Exclusive Jurisdiction in the Courts of Appeals

This is the latest in a series of recent district court challenges to the natural gas pipeline certificate process administered by FERC under the Natural Gas Act. All four district courts that have addressed such recent challenges have concluded that they lack subject matter jurisdiction to hear such claims because, under section 19 of the Act, 15 U.S.C. § 717r, the U.S. Courts of Appeals have exclusive jurisdiction to review all matters inhering in natural gas pipeline certificate proceedings before FERC. *See Berkley*, No. 7:17-cv-00357 (W.D. Va. Dec. 11, 2017) (dismissing constitutional challenge to Natural Gas Act's eminent domain provisions and the Commission's review of the same Mountain Valley pipeline certificate application at issue in this case); *Urban, et al. v. FERC, et al.*, No. 5:17-cv-01005-JRA (N.D. Ohio Dec. 19, 2017) (dismissing constitutional challenge to the Natural Gas Act and the Commission's review of a different pipeline certificate application); *Adorers of the Blood of Christ v. FERC*, No. 17-3163,

slip op. 4-8 (E.D. Pa. Sept. 28, 2017) (dismissing religious organization's religious exercise challenge to FERC certificate order, noting "the law in this area is particularly well-settled," and citing case law demonstrating that the courts of appeals have jurisdiction over all matters inhering in natural gas pipeline certificate cases) (citations omitted), *on appeal*, 3d Cir. No. 17-3163 (filed Sept. 29, 2017; injunction denied Oct. 13, 2017); *Lovelace v. U.S.*, No. 15-cv-30131, slip op. at 2 (D. Mass. Feb. 18, 2016) (copy attached) (dismissing constitutional challenge to Natural Gas Act's eminent domain provisions because "it is well established that the Natural Gas Act forecloses judicial review of a FERC certificate in district court") (citations and internal quotation marks omitted); *Town of Dedham v. FERC*, No. 15-12352, 2015 WL 4274884, at *1-2 (D. Mass. July 15, 2015) (finding district court lacked subject matter jurisdiction to enjoin construction of pipeline pending Commission consideration of rehearing requests).

As recognized by the courts in *Berkley*, *Urban*, *Adorers*, *Lovelace*, and *Dedham*, the Natural Gas Act prescribes a "highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline."  *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010) (citing 15 U.S.C. §§ 717r(a) and (b)).  First, once the Commission issues an order on a pipeline certificate request, an aggrieved party must seek rehearing before the Commission.  15 U.S.C. § 717r(a).  If the Commission denies rehearing, an aggrieved party "may obtain a review of such order in the court of appeals."  15 U.S.C. § 717r(b) (D.C. Circuit or circuit in which the relevant natural gas company is located or has its principal place of business).  The court of appeals then "has 'exclusive' jurisdiction 'to affirm, modify, or set aside [FERC's] order in whole or in part.'"  *American Energy*, 622 F.3d at 605 (quoting 15 U.S.C. § 717r(b)).

Section 19 of the Natural Gas Act, 15 U.S.C. § 717r, "vests exclusive jurisdiction to review all decisions of the Commission in the circuit court of appeals; there is no area of review, whether relating to final or preliminary orders, available in the district court.  And, this has been the uniform construction given the statute." *Consol. Gas Supply Corp. v. FERC*, 611 F.2d 951, 957 (4th Cir. 1979) (internal citation omitted); *see also id.* at 958 (same); *American Energy*, 622 F.3d at 605 ("Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court."); *Williams Nat. Gas Co. v. City of Okla. City*, 890 F.2d 255, 261 (10th Cir. 1989) ("As the statutory language plainly states, the special judicial review provisions of [Natural Gas Act] § 19 are exclusive.").

The Natural Gas Act's exclusive jurisdiction provision forecloses district court review of natural gas pipeline certificate proceedings, whether the litigation arises before or after FERC has issued a certificate order.  *See Me. Council of Atl. Salmon Fed'n v. Nat'l Marine Fisheries Serv.*, 858 F.3d 690, 693 (1st Cir. 2017) (Souter, J. (ret.), sitting by designation) ("The Supreme Court has made it clear that the jurisdiction provided by [Federal Power Act, 16 U.S.C. §] 825*l*(b) is 'exclusive,' not only to review the terms of the specific FERC order, but over any issue 'inhering in the controversy.'") (quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958));[2] *Williams*, 890 F.2d at 262 (court "would be hard pressed to formulate a doctrine with a more expansive scope" than section 717r(b), which "preclude[s] *de novo*

---

[2] Because relevant provisions of the Natural Gas Act and Federal Power Act, both administered by the Commission, "are in all material respects substantially identical," it is "established practice" to cite "interchangeably decisions interpreting the pertinent sections of the two statutes." *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577 n.7 (1981) (citations omitted); *see also Williams*, 890 F.2d at 261 (noting that Natural Gas Act section 19, governing agency rehearing and judicial review, is "nearly identical" to Federal Power Act section 313).

litigation between the parties of *all issues inhering in the controversy*") (quoting *Tacoma*, 357 U.S. at 336) (emphasis added by court).  *See also Berkley*, slip op. at 7-8 ("While it is true that none of the cases relied upon by defendants presented the *precise* constitutional challenges that plaintiffs raise, their challenges are 'inhering' in the issuance of the FERC order [on the Mountain Valley pipeline certificate] and would fall within the scope of the exclusivity provision.  To conclude otherwise would be to conclude that the claims are separate and apart from any FERC proceeding.") (emphasis in original) (citing *City of Tacoma*, 357 U.S. at 336); *Adorers*, slip op. at 8 ("Plaintiffs' [religious exercise] claims clearly 'inhere in the controversy' between plaintiffs and FERC.  Moreover, plaintiffs would have had an opportunity to present their [religious exercise] claims in a judicial proceeding before the appropriate Court of Appeals had they first sought a rehearing before FERC.") (citing *Williams*, 890 F.2d at 261-62, and *Maine Council*, 858 F.3d at 693); *Urban*, slip op. at 4 (the Natural Gas Act's "highly reticulated procedure . . . would be entirely undermined if unhappy parties could come to district courts prior to the issuance of a Certificate to avoid that process") (internal quotations omitted) (quoting *American Energy*, 622 F.3d at 605, and *Lovelace*, No. 15-cv-30131, slip op. at 3 (D. Mass. Feb. 18, 2016)).

As the D.C. Circuit has held, "[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals."  *Telecomms. Res. & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984) (emphasis in original); *see also id*. at 77 (explaining that, "[b]y lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power"); *Williams*, 890 F.2d at 262-63 (judicial review of "all issues inhering in

the controversy" before FERC is confined to the courts of appeals because "coherence and economy are best served if all suits pertaining to designated agency decisions are segregated in particular courts") (internal citation and quotation marks omitted).  With respect to this action, Congress has foreclosed district court review by vesting exclusive jurisdiction to review FERC actions regarding Natural Gas Act certificate applications in the U.S. Courts of Appeals.  *Cf. Elgin v. Dep't of Treasury*, 567 U.S. 1, 9-14, 23 (2012) (district court lacked jurisdiction over plaintiff's constitutional challenge to statute because it was "fairly discernible" from statutory review provisions that Congress intended for administrative agency and appeals court to exercise exclusive jurisdiction) (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994)); *Berkley*, slip op. at 9 ("Even if plaintiffs' constitutional challenges [to the Mountain Valley pipeline] fell outside the scope of the NGA's broad exclusivity provision, this court would still lack jurisdiction over their claims based on an application of the so-called *Thunder Basin* framework.") (citing *Thunder Basin*, 510 U.S. 200).

Many of the Plaintiffs here are parties to both the Mountain Valley and Atlantic Coast pipeline proceedings pending before FERC.  They have raised their arguments before the Commission and, if aggrieved by a Commission rehearing order issued in one or both of those proceedings, they may do so before the Court of Appeals.  Plaintiffs may not, however, sidestep the process set forth by Congress in the Natural Gas Act by seeking relief in district court.  *See Adorers*, slip op. at 8 ("[P]laintiffs simply may not bypass the specific procedure established by Congress . . . by bringing a . . . suit against FERC in this [c]ourt."); *American Energy*, 622 F.3d at 605 (making "short work" of plaintiff's efforts to "sidestep" the Natural Gas Act's exclusive judicial review scheme by seeking injunctive and declaratory relief in district court); *Consolidated Gas*, 611 F.2d at 958 (holding that "district court was without jurisdiction to

interfere with the Commission's proceedings through the issuance of an injunction"); *see also*

*Berkley*, slip op. at 14 ("Indeed, *Thunder Basin*, *Elgin*, and [*Bennett v. SEC*, 844 F.3d 174, 178

(4th Cir. 2016)] all stand for the proposition that meaningful judicial review is available under a

statutory scheme similar to the one here" in the Natural Gas Act).[3]

     Although Plaintiffs frame their complaint as a constitutional challenge to the Natural Gas

Act and FERC processes under that statute, such a challenge remains subject to the exclusive

jurisdiction scheme set forth in the Natural Gas Act.  In *Berkley*, a district court in Virginia

recently dismissed, for lack of jurisdiction, a similarly-framed complaint involving the Mountain

Valley pipeline.  As the court explained, "although plaintiffs claim they are simply raising a

general constitutional challenge, the effect of a ruling in their favor would be to modify or set

aside the FERC order in whole or in part." *Berkley*, slip op. at 13.  "By the very text of the

statute, the authority to do that lies only with a court of appeals."  *Id.*; *see also id.* at 8

("[P]laintiffs' own complaint—and their standing arguments—make clear that they are

concerned not with some abstract constitutional violation, but with the fact that their land will be

affected by [Mountain Valley's] proposed pipeline.").

     In *Lovelace*, a district court in Massachusetts reached the same conclusion, dismissing a

complaint similar to the one here for lack of jurisdiction.  The *Lovelace* complaint alleged "that a

portion of the Natural Gas Act is unconstitutional because it permits taking private property by

eminent domain in a manner that does not serve the public use." *Lovelace*, No. 15-cv-30131,

---

    [3] *See also Hunter v. FERC*, 569 F. Supp. 2d 12, 15 (D.D.C. 2008) (dismissing declaratory
judgment action relating to FERC investigation of energy market manipulation because claim
was "so intertwined" with FERC order that it "must be construed as an attack" on the order
itself); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003)
(finding district court lacked subject matter jurisdiction over action seeking disqualification of
two FERC commissioners because review of Commission orders is committed by statute to court
of appeals' exclusive jurisdiction).

slip op. at 1 (internal citation omitted) (attached).  The plaintiffs there sought preemptive "injunctive relief declaring a portion of the Natural Gas Act unconstitutional and enjoining any federal agencies from considering approval of the pipeline."  *Id.* at 1-2.  The federal defendant moved to dismiss for lack of subject matter jurisdiction because the courts of appeals had exclusive jurisdiction over the matter, the plaintiffs had failed to exhaust their administrative remedies, and for lack of ripeness.  The district court granted the defendant's motion on all three grounds.  *Id.* at 2-3.

On the issue of the courts of appeals' exclusive jurisdiction, the court noted that "it is well established that the Natural Gas Act 'forecloses judicial review of a FERC certificate in district court.'"  *Id.* at 2 (quoting *Dedham*, 2015 WL 4274884, at *1).  The court found that "it is simply clear beyond dispute that the district court has no role in litigation of this kind.  The exclusive jurisdiction of the Court of Appeals to consider objections to pipeline planning, approval, and construction processes would be entirely undermined if unhappy parties could come to district courts, seeking relief under the Fifth Amendment."  *Id.* at 2-3.  Instead, the court found, "[p]laintiffs' arena to seek consideration for their claims is within the administrative process and, ultimately, with the Court of Appeals."  *Id.* at 3.  The same is true of Plaintiffs' claims here.  *See also Elgin*, 567 U.S. at 29-30 (dismissing constitutional challenge to statute in light of statutory exclusive jurisdiction provision); *Bush v. Lucas*, 462 U.S. 367, 368 (1983) (declining to allow constitutional claim brought by government employee because it arose out of an employment relationship "governed by comprehensive procedural and substantive provisions" enacted by Congress).

Section 7 of the Natural Gas Act provides district courts limited jurisdiction to hold eminent domain proceedings, if necessary, after FERC issues a certificate under the Natural Gas

Act.  *See* 15 U.S.C. § 717f(h).[4]  An eminent domain proceeding, however, "does not provide challengers with an additional forum to attack the substance and validity of a FERC order." *Williams*, 890 F.2d at 264; *see also Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa Cty.*, 550 F.3d 770, 778 n.9 (9th Cir. 2008) (same); *Columbia Gas Transmission, LLC v. 76 Acres More or Less*, No. ELH-14-110, 2014 WL 2919349, at *3 n.3 (D. Md. June 25, 2014) ("[F]ederal courts across the country have recognized that FERC certificates are immune from collateral attack, as the propriety of FERC's findings and conditions is not subject to review.").  "The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Williams*, 890 F.2d at 264; *see also Transwestern*, 550 F.3d at 778 n.9 (same).[5]

While relief is not available in this Court, aggrieved parties to the Commission proceeding may seek redress under the ordinary process established in the Natural Gas Act, 15 U.S.C. § 717r(a).  In fact, many of the Plaintiffs in this case are concurrently availing themselves of that process through their requests for agency rehearing, which are pending before the Commission.  Moreover, if they believe they can establish extraordinary circumstances, aggrieved parties may seek—and, in fact, some have already sought—a Commission stay of the order granting the certificate; if the Commission were to deny that request, those parties might

---

[4] 15 U.S.C. § 717f(h) provides that:  "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line . . . it may acquire the same by the exercise of eminent domain in the district court of the United States for the district in which such property may be located . . . ."

[5] The general jurisdictional language contained in 15 U.S.C. § 717u does not confer jurisdiction on a district court either.  *See, e.g., Dedham*, 2015 WL 4274884, at *2 (section 717u "is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts").

then seek a stay or other extraordinary relief from a court of appeals.  *See* 15 U.S.C. § 717r(c);[6]

*Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998)

("The [Natural Gas Act] itself directs that an order by FERC not be stayed unless either FERC

itself—in the context of a rehearing—or the reviewing Court of Appeals specifically orders a

stay."); *Dedham*, 2015 WL 4274884, at *2 (finding it "not within the enforcement authority

given to the district courts" to stay pipeline construction); *Tenn. Gas Pipeline Co. v. 104 Acres of

Land More or Less*, 749 F. Supp. 427, 431 (D.R.I. 1990) ("Rather than seeking relief from this

Court, [the aggrieved party's] remedy is to ask for a stay from the Commission or from the Court

of Appeals.").  *See also Dedham*, 2015 WL 4274884, at *2 (a party aggrieved by the

Commission's initial approval order can seek, in extraordinary circumstances, immediate

ancillary relief from a court of appeals "in aid of its future jurisdiction" under the All Writs Act,

28 U.S.C. § 1651).

## II.      Plaintiffs Have Failed to Exhaust Their Administrative Remedies

Alternatively, the First Amended Complaint should be dismissed because the Plaintiffs

have not exhausted their administrative remedies.  "The doctrine of exhaustion of administrative

remedies[, which] is well established in the jurisprudence of administrative law[,] . . . provides

that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed

administrative remedy has been exhausted."  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006)

---

[6] 15 U.S.C. § 717r(c) provides that:  "The filing of an application for rehearing under subsection (a) of this section shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order.  The commencement of proceedings under subsection (b) of this section [i.e., an aggrieved party's filing of a petition for review in the court of appeals] shall not, unless specifically ordered by the court, operate as a stay of the Commission's order."

(internal quotation marks and citation omitted).

As described above, *supra* pp. 9, 15, the Natural Gas Act provides a specific process parties must exhaust before they may resort to the courts of appeals. *See Sierra Club v. FERC*, 827 F.3d 59, 69 (D.C. Cir. 2016) ("The purpose of the exhaustion requirement in [15 U.S.C.] § 717r is to give the Commission the first opportunity to consider challenges to its orders and thereby narrow or dissipate the issues before they reach the courts.  The Natural Gas Act's jurisdictional provisions are stringent.") (internal citations omitted).  Here, agency proceedings are ongoing.  The Commission has issued certificate orders on the applications at issue here, and numerous parties have requested agency rehearing of those orders.  In these circumstances, Plaintiffs plainly have not exhausted their administrative remedies.  Indeed, Plaintiffs' claims, even if raised now in a court of appeals, would be "incurably premature" because the Natural Gas Act, 15 U.S.C. § 717r(b), authorizes judicial review of claims associated with pipeline certificate proceedings only after the Commission has acted on a request for rehearing.  *See City of Glendale v. FERC*, No. 03-1261, 2004 WL 180270, at *1 (D.C. Cir. Jan. 22, 2004) (dismissing premature petition for review); *see also Clifton Power Corp. v. FERC*, 294 F.3d 108, 111 (D.C. Cir. 2002) (petition for judicial review while petitioner's request for agency rehearing is pending is "incurably premature" and must be dismissed); *Kokajko v. FERC*, 837 F.2d 524, 525 (1st Cir. 1988) ("[B]ecause FERC has not yet issued a ruling on the merits of the [rehearing] petition, this court is without jurisdiction.").

The Commission's administrative process has been open to Plaintiffs from its outset, and many Plaintiffs are participating in either or both certificate proceedings.  To the extent Plaintiffs properly intervened and presented their issues and arguments to the Commission, but were not satisfied that the Commission addressed them in its October 13, 2017 certificate orders, they had

the opportunity to seek rehearing before the agency.  And many of the Plaintiffs did seek rehearing.  The Commission will address all issues properly raised to it on rehearing.  If Plaintiffs remain aggrieved following issuance of a final Commission order, they will have the opportunity to challenge the Commission's orders in a court of appeals, following the judicial review path intended in the Natural Gas Act.

In particular, Plaintiffs' claim that FERC's assessment of certificate applications improperly fails to consider whether the proposed project serves a public use is for the Commission, not this Court, to address.  *See, e.g*., First Amended Compl. ¶¶ 3, 27-29, 94-96.  As a district court recently found, the argument "that the project is not for the 'public use' . . . could have, and more importantly, should have been taken up with FERC in the first instance." *Transcontinental Gas Pipe Line Co. v. Permanent Easements for 5.67 Acres*, No. 4:17-cv-00544, 2017 WL 3412374, *3 (M.D. Pa. Aug. 9, 2017); *see also Transcontinental Gas Pipe Line Co. v. Permanent Easements for 2.14 Acres*, Nos. 17-715, *et al.*, 2017 WL 3624250, *4 (E.D. Pa. Aug. 23, 2017) (challenge whether project serves a public purpose "belongs in front of FERC" and then in the court of appeals); *Lovelace*, No. 15-cv-30131, slip op. at 1, 3 (dismissing complaint raising virtually identical "public use" claim because, among other reasons, "Plaintiffs' failure, so far, to exhaust their administrative remedies, as set forth in the Natural Gas Act, is fatal to their claim.").  *Cf. Sierra Club v. FERC*, 867 F.3d 1357, 1379 (D.C. Cir. 2017) (affirming FERC finding that public need for pipeline established by contracts for pipeline capacity).

## III.   <u>The First Amended Complaint Is Not Ripe for Judicial Review</u>

Ripeness is a "threshold question of subject matter jurisdiction."  *Commonwealth of the N. Mariana Islands v. United States*, 670 F. Supp. 2d 65, 75 (D.D.C. 2009).  "The ripeness inquiry examines whether a question has sufficiently matured to be amenable to adjudication."

18

*Id.* (internal quotation marks omitted).  The doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

To determine whether a case is ripe, the court balances the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.  *Id.* at 149. Fitness of an issue for adjudication "depends on whether it is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final."  *Atl. States Legal Found. v. EPA*, 325 F.3d 281, 284 (D.C. Cir. 2003) (internal quotation marks omitted).  Stated alternatively, "'[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)).  Plaintiffs have the burden to show that their complaint is ripe.  *See Beach TV Properties, Inc. v. Solomon*, No. 15-1823, 2017 WL 2389489, at *9 (D.D.C. June 1, 2017).  They cannot meet that burden here.

First, Plaintiffs' First Amended Complaint is not fit for judicial decision.  The Commission proceedings at issue here are ongoing and not yet final.  In particular, the Commission rehearing process on these applications has not concluded.  *See supra* p.8 (explaining statutory rehearing requirement).  Thus, Plaintiffs' complaint rests on speculation as to contingent future events that may not occur as anticipated, or may not occur at all—i.e., that the Commission will not remedy any alleged deficiency in an order on rehearing.  *See Atl. States Legal Found.*, 325 F.3d at 284.  Moreover, immediate review could deprive the reviewing court

of the agency's additional explanation in its rehearing order.

Second, any potential hardship to the Plaintiffs from withholding judicial consideration at this time is inadequate to establish ripeness.  Hardship generally establishes ripeness only where the postponement of judicial review imposes "immediate, direct, and significant" hardship on the complaining party.  *Friends of Animals v. Haugrud*, 236 F. Supp. 3d 131, 135 (D.D.C. 2017) (internal quotation marks omitted).  Withholding judicial review at this stage still leaves the Plaintiffs with the review procedures mandated by Congress under section 19(a) of the Natural Gas Act, 15 U.S.C. § 717r(a).  *See Sierra Club*, 827 F.3d at 69 ("The purpose of the exhaustion requirement in [15 U.S.C.] § 717r is to give the Commission the first opportunity to consider challenges to its orders and thereby narrow or dissipate the issues before they reach the courts. The Natural Gas Act's jurisdictional provisions are stringent.") (internal citations omitted).  As already noted, the Commission's October 13, 2017 certificate orders are still subject to rehearing before the agency.  Any future impact on Plaintiffs from a future final order thus remains wholly speculative—the Commission ultimately may deny any requests for rehearing, perhaps with additional explanation, or it may grant them.  Furthermore, if the Commission's October 13, 2017 certificate orders impact the Plaintiffs during the agency rehearing process, any such impact flows from the statutory framework that Congress established.  *See* 15 U.S.C. § 717r(c) ("The filing of an application for rehearing under [15 U.S.C. § 717r(a)] shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order."); *Pub. Citizen*, 839 F.3d at 1174 (explaining in the context of the analogous FERC-administered Federal Power Act that, where judicial review is limited due to an operation of law, "[a]ny unfairness associated with this outcome inheres in the very text of the [statute].  Accordingly, it lies with

Congress, not this Court, to provide the remedy.").

Accordingly, Plaintiffs' claims are not ripe for immediate resolution.

## CONCLUSION

For the foregoing reasons, the First Amended Complaint should be dismissed for lack of jurisdiction.

Respectfully submitted,

James P. Danly
General Counsel

Robert H. Solomon
Solicitor

*/s/ Anand R. Viswanathan*
Anand R. Viswanathan
Nicholas M. Gladd
Susanna Y. Chu
Attorneys

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Fax:  (202) 273-0901

| Anand Viswanathan | Tel. | (202) 502-6537 |
| | Email | Anand.Viswanathan@ferc.gov |
| Nicholas Gladd | Tel. | (202) 502-8836 |
| | Email | Nicholas.Gladd@ferc.gov |
| Susanna Y. Chu | Tel. | (202) 502-8464 |
| | Email | Susanna.Chu@ferc.gov |

December 21, 2017

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Bold Alliance, *et al.*,                    )
      Plaintiffs,                          )          Case No. 17-cv-01822-RJL
                                                )
      v.                                   )          Judge Richard J. Leon
                                                )
Federal Energy Regulatory Commission,       )
    *et al.*,                               )
      Defendants.                          )

## [PROPOSED] ORDER

Upon consideration of Federal Defendants' Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction, it is hereby ORDERED that the motion is GRANTED. Plaintiffs' First Amended Complaint is hereby DISMISSED with prejudice.

 

_____
Hon. Richard J. Leon

**ATTACHMENT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HOLLY AND GORDON LOVELACE,       )
ET AL.,                          )
          Plaintiffs,            )
                                 )
               v.                )   C.A. No. 15-cv-30131-MAP
                                 )
UNITED STATES OF AMERICA,        )
          Defendant.             )


<u>MEMORANDUM AND ORDER REGARDING</u>
<u>DEFENDANT'S MOTION TO DISMISS</u>
<u>AND PLAINTIFFS' MOTION</u>
<u>FOR SUMMARY JUDGMENT</u>
(Dkt. Nos. 8 & 13)

February 18, 2016

PONSOR, U.S.D.J.

This action arises from the possible siting of a natural gas pipeline in western Massachusetts.  Plaintiffs are residents of the area who have received notice that the pipeline, if constructed, might cross their property.  They have brought this action in one count, asserted under the Fifth Amendment to the United States Constitution, arguing that a portion of the Natural Gas Act, 15 U.S.C. § 717 <u>et seq</u>. is unconstitutional because it permits taking private property by eminent domain in a manner that does not serve the public use.  In their Amended Complaint, Plaintiffs seek injunctive relief declaring a portion of the National Gas Act unconstitutional and enjoining any agencies of the

United States from considering approval of the pipeline.
(Dkt. 5 at 30-31.)

Defendant has moved to dismiss contending that this
court lacks jurisdiction, that Plaintiffs have failed to
exhaust their administrative remedies, and that the issues
raised by Plaintiffs are not ripe.  Defendant points out
that jurisdiction to review any order of the Federal Energy
Regulatory Commission ("FERC"), which is an independent
agency that reviews proposals to build interstate natural
gas pipelines, including the possible pipeline underlying
Plaintiffs' claim, lies with the United States Court of
Appeals under the Natural Gas Act.

The Motion to Dismiss must be allowed.  It is well
established that the Natural Gas Act "forecloses judicial
review of a FERC certificate in district court."  Town of
Dedham v. Federal Energy Regulatory Commission, No. 15-
12352-GAO, 2015 WL 4274884, *1 (D. Mass. July 15, 2015)
(citing Am. Energy Corp. v. Rockies Express Pipeline LLC,
622 F.3d 602, 605 (6th Cir. 2010) and Williams Nat. Gas Co.
v. City of Okla. City, 890 F.2d 255, 262 (10th Cir. 1989)).
While the court does not question the sincerity of
Plaintiffs or their counsel, it is simply clear beyond
dispute that the district court has no role in litigation of
this kind.  The exclusive jurisdiction of the Court of

-2-

Appeals to consider objections to pipeline planning, approval, and construction processes would be entirely undermined if unhappy parties could come to district courts, seeking relief under the Fifth Amendment.  Plaintiffs' arena to seek consideration for their claims is within the administrative process and, ultimately, with the Court of Appeals.

Apart from an absence of jurisdiction, Plaintiffs' failure, so far, to exhaust their administrative remedies, as set forth in the Natural Gas Act is fatal to their claim. Finally, Defendant is correct that the issues raised by the Amended Complaint are not yet ripe.  It is entirely unclear whether the pipeline will ever be constructed and, if so, where.

Plaintiffs' argument that the FERC is barred from passing upon the constitutionality of the Natural Gas Act, and thus that Plaintiffs' only remedy lies with the district court, is not supported by the text of the statute.  The language quoted by Plaintiffs' counsel at the hearing is not from the Natural Gas Act, but appears to come from a 75-year-old decision from the Eighth Circuit commenting upon the powers of the predecessor to the FERC.

For all these reasons, set forth in more detail verbally following argument, Defendant's Motion to Dismiss

-3-

(Dkt. No. 8) is hereby ALLOWED.  Given the court's ruling on
the motion to dismiss, this court will also act <u>sua</u> <u>sponte</u>
and DENY Plaintiffs' Motion for Summary Judgment (Dkt. No.
13).

The clerk will enter judgment of dismissal for
Defendant and this case may now be closed.

It is So Ordered.

 <u>/s/ Michael A. Ponsor   </u><br>
MICHAEL A. PONSOR<br>
U. S. District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 21, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>*/s/ Anand R. Viswanathan*</u>
Anand R. Viswanathan
Attorney
