UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bold Alliance, *et al.*, )
)
       Plaintiffs, )
)
v. ) Civil Case No. 17-cv-01822 (RJL)
)
Federal Energy Regulatory Commission, *et al.*, )
)
       Defendants. )
)

**FILED**

**SEP 2 8 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## <u>MEMORANDUM OPINION</u>

September 27th, 2018 [Dkt. ## 11, 16, 20, 21, 22]

Plaintiffs challenge the Federal Energy Regulatory Commission's ("FERC's") issuance of certificates of public convenience and necessity to defendants Atlantic Coast Pipeline LLC ("ACP") and Mountain Valley Pipeline, LLC ("MVP"). Those certificates authorize ACP and MVP to exercise certain limited eminent domain rights on property in the path of two planned natural gas pipelines. Plaintiffs raise a bevy of constitutional and statutory claims – 17 in total – and ask this Court to issue declaratory and injunctive relief in order to prevent ACP and MVP from using their certificates to condemn land in the pipelines' way. *See* Am. Compl. ¶¶ 57-145. Defendants respond that plaintiffs have selected the wrong forum, and that this Court lacks subject-matter jurisdiction to adjudicate plaintiffs' claims. *See* Fed. R. Civ. P. 12(b)(1). That is so because Congress, through the Natural Gas Act, has vested FERC with the sole jurisdiction to adjudicate challenges to the construction of natural gas pipelines, and designated the courts of appeals as the exclusive

1

forum for issues arising from FERC proceedings. In addition, defendants maintain that plaintiffs have brought their claims prematurely, running afoul of both the doctrines of ripeness and exhaustion. And, even were this Court to find jurisdiction, certain defendants contend that plaintiffs have failed to state a claim under which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

The motions to dismiss are fully briefed, and ripe for review. For the reasons that follow, this Court lacks subject-matter jurisdiction over plaintiffs' claims. I therefore cannot proceed to the merits of plaintiffs' claims, and will **GRANT** the Motion to Dismiss filed by Defendants Federal Energy Regulatory Commission, Commissioner Neil Chatterjee, Commissioner Cheryl A. LaFleur, and Commissioner Robert F. Powelson, in their official capacities (together, "Federal Defendants") [Dkt. # 20]. I will also **DENY** as moot the Motions to Dismiss plaintiffs' Amended Complaint filed by Mountain Valley Pipeline [Dkt. # 21] and Atlantic Coast Pipeline [Dkt. # 22], and **DENY** as moot the Motions to Dismiss the original Complaint filed by Mountain Valley Pipeline [Dkt. # 11] and Federal Defendants [Dkt. # 16].

## BACKGROUND

### I. Regulatory Scheme

The Natural Gas Act "confers on [FERC] exclusive jurisdiction over transportation and sale, as well as over the rates and facilities of natural gas companies engaged in transportation and sale" of natural gas in interstate commerce. *Myersville Citizens for a Rural Cmty. v. FERC*, 783 F.3d 1301, 1315 (D.C. Cir. 2015) (citation and quotation marks omitted). The Act lays out procedures for a party to obtain authorization to construct an

interstate natural gas pipeline. *See* 15 U.S.C. § 717f. The keystone to that process is a so-called "certificate of public convenience and necessity." *Id.* § 717f(d). The certificates authorize construction, establish the terms under which construction may proceed, and grant the project sponsor the power to condemn land along the approved route. *Id.* §§ 717f(e), (h).[1] Congress has vested FERC with the sole power to grant or deny such certificates. *Id.*

FERC has issued regulations setting out an extensive application process for all certificates. *See* 18 C.F.R. § 157.6. Applicants must submit technical, economic, and environmental information concerning the project. *See id.* § 157.6(b). And, as will become important in this case, while an application is pending, interested members of the public may intervene in the FERC proceeding and file comments. *See id.* § 157.10. Indeed, FERC has adopted procedures to allow members of the public to intervene *even after* the relevant deadlines have passed. *See id.* § 385.214.

After reviewing materials submitted by the applicant and interested third parties, FERC "will approve an application for a certificate only if the public benefits from the project outweigh any adverse effects." *Certification of New Interstate Nat. Gas Pipeline Facilities*, 88 FERC ¶ 61,227, 61,750 (1999). FERC has issued guidance as to how it reaches such a determination. First, FERC considers "whether the project can proceed

---

[1] FERC issues two forms of certificates of public convenience and necessity: "blanket" certificates and "conditional" certificates. *See* 18 C.F.R. § 157.203(a). Blanket certificates authorize the certificate-holder to engage in certain, defined activities in addition to the construction of the proposed pipeline. *Id.*; *see also id.* §§ 157.208-157.218 (enumerating activities available to blanket certificate-holders). By contrast, conditional certificates require the applicant to return to FERC to secure permission for those activities.

3

without subsidies . . . from [] existing customers." *Id.* p. 61, 745. If that initial condition is met, the Commission then considers the costs and benefits of the project, measured as an economic and as an environmental matter. *Id.* pp. 61,745-746. If FERC concludes that the applicant has demonstrated its eligibility pursuant to these criteria, the Act directs that "a certificate shall be issued." 15 U.S.C. § 717f(e).

The Natural Gas Act provides a review process for "aggrieved" parties – parties disappointed with the outcome of the certificate proceeding. *Id.* § 717r. This process is open not only to the applicant itself, but also to interested parties that have intervened in the FERC proceedings. *Id.* An aggrieved party begins by seeking rehearing from the Commission, and "set[ting] forth specifically the ground or grounds upon which such application is based." *Id.* § 717r(a). If rehearing is denied, the party "may obtain a review of [the order denying rehearing] in the court of appeals of the United States for any circuit" where the natural-gas company is located or the D.C. Circuit by "filing . . . a written petition." *Id.* § 717r(b). The Act continues, "[u]pon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part." *Id.* The Natural Gas Act bars the courts of appeals from considering any objection that was not "urged before [FERC] in the application for rehearing unless there is a reasonable ground for failure to do so." *Id.*

## II.  Procedural History

In October 2015, Atlantic Coast Pipeline, LLC ("ACP") and Mountain Valley Pipeline LLC ("MVP") each submitted applications for blanket certificates of public convenience and necessity. Am. Compl. ¶¶ 40, 49. They did so in order to construct the

Atlantic Coast Pipeline, which will transport natural gas from northern West Virginia to North Carolina, and the Mountain Valley Pipeline, which will do the same between West Virginia and Virginia. *Id.* ¶¶ 38, 46. Both applications were subject to a public comment period, during which time most of the named plaintiffs in this case intervened and filed comments. *See* FERC Dkt. Nos. CP15-554-000, CP15-554-001 (ACP); CP16-10 (MVP). After nearly two *years* of review, FERC issued its final environmental impact statements on June 23, 2017 (MVP) and July 21, 2017 (ACP), which recommended the applications' approval as to the certificate of public convenience and necessity subject to certain terms and conditions. *See* Order Issuing certificates, *Atlantic Coast Pipeline, LLC*, 161 FERC ¶ 61,042, pp. 198-199 (2017); Order Issuing certificates, *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043 (2017).

On October 13, 2017, roughly two years after the applications were filed, FERC issued blanket certificates of public convenience and necessity to ACP and MVP. *Id.* In its certificate orders, FERC found "that the benefits that the [ACP and MVP projects] . . . will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities." *Id.* p. 4; *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043, p. 28 (2017). The intervening parties – who comprise most of the plaintiffs in this case – asked FERC to rehear and stay its decision granting a certificate order to MVP. *See* FERC Dkt. No. CP16-10, Submittal No. 20171113-5375 (Nov. 13, 2017).[2] Within two weeks, MVP filed a condemnation

---

[2] FERC subsequently affirmed the certificate orders. *See* 163 FERC ¶ 61,197 (June 15, 2018).

action as authorized by the Certificate Order and 15 U.S.C. §717f(h). *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain a Natural Gas Pipeline*, No. 7:17-CV-492-EKD (W.D. Va.).

Plaintiffs filed this suit in early September 2017, while both ACP's and MVP's applications were pending and before FERC had issued certificates of public convenience and necessity to those entities. Compl. 1 [Dkt. # 1]. Shortly thereafter, Mountain Valley Pipeline filed a Motion to Dismiss the original Complaint. [Dkt. # 11]. Federal Defendants also filed a Motion to Dismiss as to that original Complaint. [Dkt. # 16].

In November 2017, after FERC had issued the certificates, plaintiffs filed an Amended Complaint. *See* Am. Compl. [Dkt. # 19]. This Court's scheduling order accepted plaintiffs' Amended Complaint as timely filed, and afforded defendants the opportunity to file new motions to dismiss as to the Amended Complaint. *See* 11/9/2017 Min. Order. The Amended Complaint contains 17 counts, raising both constitutional and statutory challenges. Am. Compl. ¶¶ 57-147. The Amended Complaint contains three broad categories of claims: (i) FERC's certificate conferring eminent domain authority rested on inadequate findings by the Commission (Counts 3-7); (ii) FERC imposed improper conditions on the MVP and ACP certificates (Counts 1-2, 10-12); (iii) FERC's decision to issue certificates to MVP and ACP impinges on procedural rights, grounded either in the U.S. Constitution or in the Natural Gas Act (8-9, 13-17).

The Amended Complaint maintains that, if plaintiffs prevail on any one count, they are entitled to a declaratory judgment that FERC's actions are unlawful. Plaintiffs also seek an injunction preventing ACP and MVP "from proceeding with development of their

respective projects or moving forward with eminent-domain actions" under 15 U.S.C. § 717f(h). *See* Am. Compl. ¶ 147(b). Federal Defendants filed a Motion to Dismiss the Amended Complaint on December 21, 2017. [Dkt. # 20]. Mountain Valley Pipeline filed a Motion to Dismiss Plaintiffs' Amended Complaint [Dkt. # 21] on January 3, 2018, and Atlantic Coast Pipeline did the same on that day, [Dkt. # 22]. On February 23, 2018, plaintiffs filed a motion to expedite, which this Court denied. *See* 3/1/2018 Min. Order. In recent months, Federal Defendants and plaintiffs have each filed a supplemental notice of authority. [Dkt. ## 30, 32]. In addition, MVP has advised the Court that plaintiffs Bold Alliance and Bold Education Fund filed a petition for review with our Circuit Court under the Natural Gas Act, 15 U.S.C. § 717r(b). *See* Petition for Review, *Bold Alliance, et al. v. FERC*, No. 18-1216 (D.C. Cir.). That petition seeks review of the Certificate Order issued by FERC to MVP (and the Commission's Order on Rehearing, which upheld that Certificate Order), but not the one issued to ACP. *Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move for dismissal for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), the plaintiff, rather than defendant, "bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Hunter v. FERC*, 569 F. Supp. 2d 12, 15 (D.D.C. 2008). In considering a Rule 12(b)(1) motion, this Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 153 (D.D.C. 2004). Nevertheless, I "may give the plaintiff[s'] factual allegations closer scrutiny and may

consider materials outside the pleadings" when evaluating my ability to hear a claim. *Id.*; *see also Pearl v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 81 (D.D.C. 2013) (holding that a court may rely on materials that are appropriate for judicial notice when evaluating a Rule 12(b)(1) motion, including public records). Moreover, I "need not . . . accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Sadowski v. Bush*, 293 F. Supp. 2d 15, 17 (D.D.C. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

Defendants contend that plaintiffs have chosen the wrong venue for their claims. The Natural Gas Act, defendants argue, vests the courts of appeals with "exclusive" jurisdiction for challenges of this kind. Moreover, defendants contend that plaintiffs have filed their complaint prematurely, running afoul of the distinct doctrines of ripeness and exhaustion. Plaintiffs, for their part, respond that (i) their claims are merely "collateral" to FERC's process for certificate applications, (ii) FERC lacks the authority and expertise to adjudicate their claims, and (iii) denying jurisdiction would foreclose meaningful review. In addition, plaintiffs assert that their claims are ripe and that the doctrine of exhaustion does not apply. For the reasons that follow, I conclude that this Court lacks subject matter jurisdiction over plaintiffs' claims.

At the start, the Natural Gas Act provides the sole avenue of review for parties aggrieved by FERC orders. *See* 15 U.S.C. § 717r. As discussed above, the Act allows parties to intervene, and provides a specific procedural path for review: seeking a rehearing

8

before FERC, followed by filing a petition for review with the appropriate court of appeals. *Id.* § 717r(a), (b). Under the Act, the jurisdiction of our Court of Appeals "shall be exclusive." *Id.* § 717r(b). Congress could hardly have been more clear.

When Congress provides for exclusive review in a court of appeals, that specific grant of jurisdiction displaces the general federal question statute, 28 U.S.C. § 1331. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 1958). That is true for "all issues inhering in the controversy." *Id.* This doctrine, with its "expansive scope," has commonsense roots. *Williams Nat. Gas Co. v. City of Okla. City*, 890 F.2d 255, 262 (10th Cir. 1989). As our Circuit Court put it, "[t]he policy behind having a special review procedure in the first place . . . disfavors bifurcating jurisdiction over various substantive grounds between district court and the court of appeals" because of "[t]he likelihood of duplication and inconsistency." *City of Rochester v. Bond*, 603 F.2d 927, 936 (D.C. Cir. 1979). Courts have affirmed the exclusive nature of the FERC procedures time and again – including within the past year in the context of similar challenges. *See, e.g., Urban v. FERC*, No. 5:17-cv-1005 (JRA), slip op. at 5 (N.D. Ohio Dec. 19, 2017); *Berkley v. Mountain Valley Pipeline, LLC*, No. 7:17-cv-00357 (EKD), slip op. at 1-3 (W.D. Va. Dec. 11, 2017).

The D.C. Circuit has, however, recognized two narrow exceptions to otherwise exclusive FERC jurisdiction over challenges to the issuance of certificates. Unfortunately for plaintiffs, neither applies here. The first exception applies when "denial of review in the District Court will truly foreclose all judicial review." *Telecommun'cns Research & Action Ctr. v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984). Because plaintiffs, as affected

9

landowners, are "aggrieved" parties for purposes of the Natural Gas Act's circuit court review procedure, that exception does not apply here. FERC regulations afforded plaintiffs the opportunity to intervene and comment during the application process, to seek rehearing, and, ultimately, to petition for review before a federal court of appeals. The vast majority of the plaintiffs in this case – 46 out of 55 – did intervene before FERC. Failure to intervene on the part of the other 9 plaintiffs does not change the fact that judicial review *was* available to them.

The second exception to exclusive review involves "a constitutional challenge that is *exclusively* directed to the source of putative agency authority." *Time Warner Ent'mt Co., L.P., v. FCC*, 93 F.3d 957, 965 (D.C. Cir. 1996) (per curiam) (emphasis added). As such, this exception applies to cases that "challenge[] the constitutionality of the agency's enabling statute," *Hunter*, 569 F. Supp. 2d at 15, *not* to claims "raised . . . in a suit that is collateral to one challenging the validity of . . . agency action" or "a challenge to the manner in which the agency has exercised or . . . failed to exercise that authority." *Time Warner*, 93 F.3d at 965.

Plaintiffs cannot find refuge in this second exception, either. That is so because plaintiffs' constitutional theories go to FERC's *practice* of adjudicating claims – not to its power to do so. *See, e.g.*, Am. Compl. Count 4 ("FERC's Practice of Granting Certificates Conditioned on Subsequent State or Federal Approvals—But Allowing for the Exercise of Eminent Domain—Violates the Fifth Amendment's Takings Clause"); *id.* Count 9 ("FERC's Granting of 'Blanket Certificates' Violates Plaintiffs' Procedural-Due-Process Rights Under the Fifth Amendment"); *id.* Count 12 ("FERC's Granting of Certificates to

Private, Nongovernmental Entities Without Ensuring the Entities Have Adequate Assets Sufficient to Guarantee Payment of Just Compensation Violates the Fifth Amendment's Takings Clause"). Indeed, plaintiffs plainly object to FERC's issuance of the particular certificates issued to MVP and ACP, meaning that this suit is *not* "collateral to one challenging the validity of . . . agency action." *Time Warner*, 93 F.3d at 965.

Finally, plaintiffs' claims of standing, and their prayer for relief, make clear that their constitutional theories are not "exclusively directed to the source of putative agency authority," thereby depriving this Court of jurisdiction. *Id.*[3] To the contrary, plaintiffs' constitutional claims are deeply intertwined with allegations that FERC's practices deviate from the provisions of the Natural Gas Act. *See, e.g.,* Am. Compl. Count 1 ("FERC's *Practice of Granting Certificates* Conditioned on Subsequent State or Federal Approvals— But Allowing for the Exercise of Eminent Domain—Exceeds FERC's Authority Under the Natural Gas Act" (emphasis added)); *see also id.* Counts 2, 3, 5, 6, 7, 8, 11, and 13.

## CONCLUSION

Because Congress has elected by statute to confer sole jurisdiction on our Courts of Appeals for petitions of this nature, I need not consider whether plaintiffs' claims are ripe or properly exhausted. Nor can I proceed to the merits of plaintiffs' claims. Federal

---

[3] Nor can Sections 717f(h) and 717u of the Natural Gas Act provide this Court with jurisdiction over plaintiffs' claims. Section 717f(h) furnishes jurisdiction only for "any holder of a certificate," and plaintiffs are not holders of certificates. And Section 717u provides only for jurisdiction for claims arising under sources of authority other than the Natural Gas Act. As the Eighth Circuit put it, Section 717u "does not create a cause of action, but merely states that federal district courts have exclusive jurisdiction over cases that otherwise arise under federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). Here, because plaintiffs' theories are anchored in pipeline proceedings, and target a FERC decision, Section 717u has no relevance. *NO Gas Pipeline v. FERC*, 756 F.3d 764, 769 (D.C. Cir. 2014).

Defendants' Motion to Dismiss [Dkt. # 20] is therefore **GRANTED**. The Motions to Dismiss the Amended Complaint filed by Mountain Valley Pipeline [Dkt. # 21] and Atlantic Coast Pipeline [Dkt. # 22], and the Motions to Dismiss the original Complaint filed by Mountain Valley Pipeline [Dkt. # 11] and Federal Defendants [Dkt. # 16] are **DENIED** as moot. A separate order consistent with this Opinion is attached hereto.

RICHARD J. LEON
United States District Judge